UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. 1:24-cv-00031-GNS-LLK

**TERESA M.**                                                                                 **PLAINTIFF**

**v.**

**MARTIN O'MALLEY, Commissioner of Social Security**                **DEFENDANT**

### REPORT AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. [Doc. 1]. Plaintiff's brief in support of judicial review is at Doc. 12, the Commissioner's brief in opposition is at Doc. 14, and Plaintiff's reply is at Doc. 15. The Court referred this case to the undersigned Magistrate Judge "for consideration and the preparation of a Report and Recommendation pursuant to 28 U. S. C. Section 636(b)(1)(B)." [Doc. 9].

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### The ALJ's decision

On February 3, 2023, the ALJ issued the Commissioner's final decision, finding that Plaintiff has not been under a disability from February 1, 2020, when Plaintiff alleges that she became disabled, through February 3, 2023, when the ALJ issued his decision. [Administrative Record, Doc. 8 at 18-35].

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2020, when she alleges that she became disabled. *Id.* at 20.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: obesity; asthma; carpal tunnel syndrome (CTS); obstructive sleep apnea (OSA); supraventricular tachycardia (SVT); cardiomyopathy; right cubital tunnel syndrome and cervical spine degenerative disc disease. *Id.* at 21.

Third, the ALJ found that Plaintiff has no impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 23.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that Plaintiff has the RFC:

> …to perform light work … except she can occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds and occasionally stoop, kneel, crouch and crawl. Handling, fingering and feeling is limited to frequent bilaterally. Overhead reaching is limited to frequent bilaterally. She must avoid concentrated exposure to temperature extremes and pulmonary irritants and avoid even moderate exposure to unprotected heights and moving machinery.

*Id.* at 24.

Fourth, the ALJ found that Plaintiff is capable of performing past relevant work as Security Supervisor and Payment Processor. *Id.* at 34-35.

The ALJ did not reach the fifth and final step of the sequential evaluation process.

**Standard of review**

Pursuant to 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is such that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla of evidence but less than a preponderance." *Rogers*, 486 F.3d at 241. Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th

2

Cir. 1987). The Court should not attempt to resolve conflicts of evidence or questions of credibility but may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that the ALJ's "RFC [i.e., residual functional capacity] determination is not supported by substantial evidence and the ALJ committed legal error by failing to properly evaluate and explain his analysis of the opinion of Sanjiv Mehta, M.D., the treating orthopedic surgeon." [Doc. 12].

On March 14, 2022, Dr. Mehta performed right carpal tunnel release, right cubital tunnel release.

On September 2, 2022, Dr. Mehta examined Plaintiff's right wrist and found that:

> … The patient has well maintained median nerve function. No evidence of RSD [i.e., reflex sympathetic dystrophy] is noted. Moving 2 point discrimination is slightly prolonged but is starting to revert back to more normal perimeters. No evidence of ulnar nerve deficit is noted. Capillary refill is 2 seconds with a brisk return. There is no evidence of neurological dysfunction at this point.

[Doc. 8 at 854]. Dr. Mehta's "plan" for Plaintiff's recovery included, among other things, that Plaintiff avoid repetitive loading and exposure to pneumatic tools:

> Plan
> • Incision care
> • Continue ice as needed
> • Active/Active Assisted ROM of elbow, wrist and hand
> • Stretching and strengthening exercises of the flexors and extensors of the wrist.
> • Calcium and vitamin D for bone health.
> • Vitamin B6, B12 100 mcg tab 1 p.o. daily for nerve function improvement.
> • **Avoid repetitive loading and exposure to pneumatic tools to prevent recurrence of the carpal tunnel and cubital tunnel compression syndromes.**
> • Alternate Ibuprofen and Tylenol as needed
> • Fall precautions
> • Follow up as needed

*Id. (emphasis added)*. Dr. Mehta noted that Plaintiff's "[f]unction of the upper extremity has returned back to baseline and is near normal." *Id.*

On February 3, 2023, the ALJ issued the Commissioner's final decision, finding, among other things, that Plaintiff has an RFC for light work, with frequent bilateral handling, fingering, feeling, and overhead reaching. *Id.* at 24. In support, the ALJ found that:

> On September 2, 2022, Sanjiv Mehta, M.D., opined that the claimant should avoid repetitive loading and exposure to pneumatic tools to prevent recurrence of carpal and cubital tunnel compression syndrome (Exhibit 18F at 3). This opinion is not persuasive. It is supported by the claimant's status post right carpal tunnel release and right cubital tunnel release with anterior transposition of the ulnar nerve (Exhibit 12F at 12). That said, it is not entirely consistent with evidence indicating improvement in the claimant's right upper extremity function after undergoing surgery (Exhibits 16F at 11; 18F at 2) [Doc. 8 at 854].

*Id.* at 34.

Because Plaintiff filed her disability claim in March 2021 [Doc. 8 at 18], the new rules for weighing medical opinions apply. *See* 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply."). Under the new rules, special evidentiary weight is no longer given to the opinion of a treating medical source. 20 C.F.R. § 404.1520c(a). In determining the persuasiveness of a medical opinion, an ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors." 20 C.F.R. § 404.1520c(c)(1)-(5). But the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2).

The ALJ found consistently with the above rules that Dr. Mehta's opinion that Plaintiff must avoid repetitive loading and exposure to pneumatic tools is unsupported by and inconsistent with Dr. Mehta's opinions that Plaintiff has "well maintained median nerve function," no "evidence of RSD [i.e., reflex sympathetic dystrophy]," no "evidence of ulnar nerve deficit," "brisk return" of capillary refill, and no "evidence of neurological dysfunction" and that Plaintiff's "[f]unction of the upper extremity has returned back to baseline and is near normal." [Doc. 8 at 854].

Additionally, even if the ALJ erroneously found that Dr. Mehta's opinion that Plaintiff must avoid repetitive loading and exposure to pneumatic tools is inconsistent with Dr. Mehta's other opinions, the error was harmless for two reasons.

First, the ALJ denied Plaintiff's disability claim at the fourth step of the sequential evaluation process based on a finding that he retains the ability to perform past relevant work as Security Supervisor and Payment Processor. [Doc. 8 at 34-35]. There is no indication that these jobs require repetitive loading and exposure to pneumatic tools.

Second, to be disabling, impairments must persist at a disabled level of severity for a "continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Several months after Dr. Mehta performed right carpal / cubital tunnel release surgery, Dr. Mehta prohibited repetitive loading/exposure to pneumatic tools and required incision care, application of ice, and stretching and strengthening exercises. There is no indication that Dr. Mehta intended these prohibitions and requirements to last for at least 12 continuous months.

In her reply [Doc. 15], Plaintiff argues that *Marcin C. v. Comm'r*, No. 1:23-CV-00074-HBB, 2852145 (W.D. Ky. June 5, 2024) indicates that the ALJ's discussion of the supportability and consistency factors was inadequate. *Marcin C.* is distinguishable because it was decided under the old rules for weighing medical opinions that preceded 20 C.F.R. § 404.1520c. The old rules required a relatively high degree of articulation of reasons for discounting a treating source's medical opinion:

> When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. § 404.1527(c)(2). A remand was required in *Marcin C.* because the ALJ provided no "good reasons" for discounting the treating source's medical opinion. In this case, in contrast, the ALJ discounted

5

Dr. Mehta's opinion that Plaintiff should avoid repetitive loading and exposure to pneumatic tools because that opinion was not supported by and was inconsistent with Dr. Mehta's other opinions.

In her reply [Doc. 15], Plaintiff argues that *Nichols v. Comm'r*, No. 1:23-CV-02063-CEF, 2024 WL 3387289 (N.D. Ohio June 21, 2024) indicates that the ALJ's discussion of the supportability and consistency factors was inadequate. Nichols was decided under the new rules for weighing medical opinions at 20 C.F.R. § 404.1520c. Nichols's treating physician opined that Nichols must elevate her leg above heart level for at least one hour during the workday, and the ALJ rejected that opinion without identifying how the opinion was unsupported by or inconsistent with other evidence. In this case, in contrast, the ALJ discounted Dr. Mehta's opinion that Plaintiff should avoid repetitive loading and exposure to pneumatic tools because that opinion was not supported by and was inconsistent with Dr. Mehta's other opinions.

**Plaintiff's second argument is unpersuasive.**

Second, Plaintiff argues that the ALJ's residual functional capacity (RFC) finding is not supported by substantial evidence because the ALJ "erred in rejecting Plaintiff's subjective allegations without properly considering her activities of daily living and without pointing to any genuine inconsistencies between her testimony regarding disabling symptoms and the other evidence in the record." [Doc. 12].

Plaintiff testified that she constantly drops things and is unable to look at her phone for very long because her hands hurt "all the time." [Doc. 8 at 57-58]. The ALJ found that Plaintiff has an RFC for light work, with frequent bilateral handling, fingering, feeling, and overhead reaching. *Id.* at 24. In support, the ALJ found that, although Plaintiff's carpal tunnel syndrome and right cubital tunnel syndrome "could reasonably be expected to cause the alleged symptoms" affecting her hands, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 26. Specifically, the ALJ found that Plaintiff's ability to frequently handle, finger, feel, and overhead reach is supported by Plaintiff's activities of daily living, including her ability to "care for her mother, attend to her personal hygiene, prepare meals,

6

complete light household chores, drive, grocery shop and socialize with others." *Id.* at 25. The Commissioner notes that "by their very nature, lifting, bending, and using one's hands are required to go grocery shopping, do light housework, clean someone else's home, dress, and bathe yourself, care for another person (Plaintiff's mother), and prepare meals." [Doc. 14 at PageID.1040-41].

In determining the limiting effects of pain and other subjective symptoms, the Commissioner considers:

> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3). Reviewing courts must give great weight and deference to an ALJ's determination of the limiting effects of pain and other subjective symptoms. *Shepard v. Comm'r*, 705 F. App'x 435, 442 (6th Cir. 2017). An ALJ's findings in this regard are "virtually unchallengeable" absent compelling reasons. *Id.* No such compelling reasons exist in this case.

**RECOMMENDATION**

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

August 8, 2024

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

August 8, 2024

Lanny King, Magistrate Judge
United States District Court