UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00031-GNS-LLK

TERESA M.                                                                                                   PLAINTIFF

v.

MARTIN O'MALLEY,
Commissioner of Social Security[1]                                                    DEFENDANT

**ORDER**

This matter is before the Court on Plaintiff's Objection (DN 17) to the Magistrate Judge's Report and Recommendation (DN 16). The matter is ripe for adjudication.

**I.**      **BACKGROUND**

On March 16, 2021, Plaintiff Teresa M.[2] ("Plaintiff") protectively filed a Title II application for disability and disability insurance benefits, and a Title XVI application for supplemental security income for disabilities beginning on February 1, 2020, due to asthma, high blood pressure, knee problems, carpal tunnel, elbow problems, heart problems, shoulder problems, and chronic anemia. (Administrative R. 18, 69, 78, 260, DN 8 [hereinafter R.]). The applications were denied at the initial and reconsideration stages. (R. at 18, 68, 77). Thereafter, Plaintiff was granted a hearing before Administrative Law Judge Boyce Crocker ("ALJ"), which was held telephonically on January 10, 2023. (R. at 18, 45).

---

[1] On December 20, 2023, Martin J. O'Malley ("O'Malley") was sworn in as Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d)(1), O'Malley is substituted for his predecessor, Kilolo Kijakazi, as the proper defendant in this action. *See* Fed. R. Civ. P. 25(d) (a public officer's successor is automatically substituted as a party).
[2] Pursuant to General Order 22-05, Plaintiff's name in this matter is shortened to first name and last initial.

On February 3, 2023, the ALJ issued an unfavorable decision, utilizing the five-step sequential process. (R. at 18-35). First, the ALJ noted that Plaintiff met the insured status requirement through March 31, 2025, and had not engaged in any substantial gainful activity since the alleged onset date of February 1, 2020. (R. at 20). Next, the ALJ opined that Plaintiff had the severe impairments of obesity, asthma, carpal tunnel syndrome, obstructive sleep apnea, supraventricular tachycardia, cardiomyopathy, right cubital tunnel syndrome, and cervical spine degenerative disc disease. (R. at 21-23). At the third step, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the impairments listed in Appendix 1. (R. at 23-24).

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.97(b) subject to the limitations of: (i) occasionally stooping, kneeling, crouching, and crawling; (ii) frequent bilaterally fingering and feeling; (iii) frequent bilateral overhead reaching; (iv) avoiding concentrated exposure to temperature extremes and pulmonary irritants; and (v) avoiding even moderate exposure to unprotected heights and moving machinery. (R. at 24-34). The ALJ also found that she is able to perform past relevant work as a security supervisor (light, skilled); and a payment processor (sedentary, skilled). (R. at 34-35). As a result, the ALJ determined that Plaintiff was not disabled from the alleged onset date of February 1, 2020, through the date of the ALJ's decision. (R. at 35).

Plaintiff requested and was denied review by the Appeals Council. (R. at 1-4). On February 13, 2024, Plaintiff initiated an action in this Court challenging the Commissioner's decision. (Compl., DN 1); *see* 42 U.S.C. § 405(g). Upon referral, the Magistrate Judge issued a Report and Recommendation ("R. & R.") explaining why the ALJ's decision should be affirmed

and this action should be dismissed. (R. & R., DN 16). Plaintiff timely objected, and the Commissioner responded to the objection. (Pl.'s Obj., DN 17; Def.'s Resp. Pl.'s Obj., DN 18).

## II. JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

The Federal Magistrates Act allows the designation of magistrate judges to issue "proposed findings of fact and recommendations for the disposition . . . ." 28 U.S.C. § 636(b)(1)(B). Following the filing of the recommendation, each party may object within fourteen days. *See id.* § 636(b)(1). The objected parts of the report are reviewed by the district judge, who is free to accept, reject, or modify any findings or recommendations *de novo*. *See id.*; *see* Fed. R. Civ. P. 72(b). This differs from the standard for the ALJ's decision, which is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Substantial evidence is such that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of

credibility but may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. DISCUSSION

### A. Plaintiff's First Objection

Plaintiff contends that the R. & R. erroneously finds that the ALJ properly evaluated the opinion of Dr. Sanjiv Mehta ("Dr. Mehta"), her treating orthopedic surgeon. (Pl.'s Obj. 1-3). In particular, she asserts that Magistrate Judge's "reasoning in support of a recommendation of affirmation suggests that a well-supported proactive, preventative restriction authored by an orthopedic specialist may properly be ignored, so long as the individual has regained the physical ability to perform the tasks at issue." (Pl.'s Obj. 2).

Inferring an intention from the R. & R., Plaintiff asserts that the Magistrate Judge erred in affirming the ALJ's decision based on a finding that her function improved "'back to baseline' and was 'near normal . . . .'" (Pl.'s Obj. 3). As the R. & R. reflects, however, the Magistrate Judge reviewed the evidence relied upon by the ALJ and found that the ALJ did not err in finding that Dr. Mehta's opinions were unsupported and inconsistent with the doctor's finding reflecting Plaintiff's post-surgical improvement in her right upper extremity function. (R. & R. 4 (citing R. at 334)). The R. & R. also found that the ALJ's decision was consistent with the applicable regulations for weighing medical opinions. (R. & R. 4). Based on this Court's review, the Magistrate Judge did not err in evaluating Dr. Mehta's opinions, and this objection is overruled.

### B. Plaintiff's Second Objection

Plaintiff also asserts that the R. & R. improperly upheld the ALJ's findings because "the ALJ pointed to no genuine inconsistencies between Plaintiff's testimony and the rest of the record, as the regulations require." (Pl.'s Obj. 3 (citing R. at 26-31)). As the Commissioner notes, however, this is essentially the same argument that Plaintiff made to the Magistrate Judge. (Def.'s Resp. Pl.'s Obj. 2 (citing Pl.'s Br. 10, DN 12); Pl.'s Br. 11 ("While he offers a general summary of the evidence, the ALJ does not point to any genuine inconsistencies between Plaintiff's testimony and the rest of the record." (citing R. at 26-31))). This is not a proper objection. *See Extine v. Comm'r of Soc. Sec.*, No. 3:21-CV-2278-JGC, 2023 WL 5198502, at *1 (N.D. Ohio Aug. 14, 2023) ("Plaintiff merely rehashes and summarizes his original arguments against the ALJ . . . . This is not a proper objection." (internal citation omitted) (citing *Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614, 626 (E.D. Mich. 2022), *aff'd*, No. 22-1293, 2022 WL 17348838 (6th Cir. Dec. 1, 2022))). Accordingly, the Court will only review the R. & R.'s consideration of this issue for clear error. *See Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) (citation omitted).

The Magistrate Judge reviewed the ALJ's finding as to the RFC and the evidence cited in support of that finding. (R. & R. 6-7). Based on the Court's review, it is not "left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). The objection is overruled on this basis.

Plaintiff also argues that the R. & R. erroneously relied on *Shepard v. Commissioner of Social Security*, 705 F. App'x 435 (6th Cir. 2017), which she contends is no longer good authority due to the issuance of Social Security Ruling ("SSR") 16-3p. (Pl.'s Obj. 3-4). In the

5

R. & R., the Magistrate Judge noted that "'[r]eviewing courts must give great weight and deference to an ALJ's determination of the limiting effects of pain and other subjective symptoms.' An ALJ's findings in this regard are 'virtually unchallengeable' absent compelling reasons." (R. & R. 7 (internal citation omitted) (citing *Shepard*, 705 F. App'x at 442)).

While SSR 16-3p superseded SR 96-7p, this Court has observed that "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSRI 96-7p." *Young v. Berryhill*, No. 3:17-CV-395 DW, 2018 WL 1914732, at *6 (W.D. Ky. Apr. 23, 2018). As a sister court has explained:

> The assessment of such symptoms, formerly referred to as the "credibility" determination in SSR 96-7p, was clarified in SSR 16-3p to remove the word "credibility" and refocus the ALJ's attention on the "extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." Under SSR 16-3p, an ALJ is to consider all of the evidence in the record in order to evaluate the limiting effects of a plaintiff's symptoms. However, SSR 16-3p was not intended to substantially change existing law. Therefore, it remains the province of the ALJ, and not the reviewing court, to assess the consistency of subjective complaints about the impact of a claimant's symptoms with the record as a whole. A credibility/consistency determination cannot be disturbed "absent a compelling reason."

*Frederick C. v. Comm'r of Soc. Sec.*, No. 1:23-CV-461, 2024 WL 4134847, at *4 (S.D. Ohio Sept. 10, 2024) (internal citations omitted) (citation omitted). Thus, "the case law pertaining to credibility evaluations under SSR 96-7p remains applicable." *Lee v. Comm'r of Soc. Sec.*, No. 3:24-CV-00520, 2024 WL 4127613, at *9 n.9 (M.D. Tenn. Aug. 23, 2024) (citing *Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016)). Accordingly, it was not improper for the R. & R. to have relied on *Shepard*, and Plaintiff's objection is also overruled for this reason.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (DN 16) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, Plaintiff's Objection (DN 17) is **OVERRULED**, and the decision of the Commissioner is **AFFIRMED**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

November 4, 2024

cc: counsel of record